ROSE TAYLOR, APPELLANT, v. ROTH & COMPANY, RESPONDENT.

Submitted February 12, 1926—Decided May 17, 1926.

1. The plaintiff, while making purchases in a butcher shop, slipped on a substance lying on the floor and was injured. In the absence of proof as to what substance caused the accident, how long it had been upon the floor, or that defendant or any of its employes knew of its presence there, a judgment of nonsuit was proper.
2. Under the circumstances in this case the maxim of *"res ipsa loquitur"* does not apply.

On appeal from the Supreme Court.

For the appellant, *Robert Newton Crane.*

For the respondent, *Edwards & Smith (Edwin F. Smith,* of counsel).

The opinion of the court was delivered by

KAYS, J. This suit was brought in the Supreme Court, and the venue laid in Union county. The case was tried before the Circuit Court judge and a jury in February, 1925. After the close of the plaintiff's case a motion was made by

the attorney of the defendant for nonsuit, which was granted by the judge.

The appellant, Rose Taylor, a woman weighing about one hundred and sixty-eight pounds, went to the butcher shop of the defendant for the purpose of purchasing meat. After making some purchases she started to leave the shop, when she realized she had forgotten to obtain her change, and that she had also forgotten an intended purchase. She therefore, returned to the shop. The evidence discloses that the shop contained a butcher's counter and a delicatessen counter, which were on opposite sides of the shop. Most of the floor used by the customers was covered with sawdust. The plaintiff proceeded, upon re-entering, to the rear of the store on the left, for the purpose of making a purchase at the meat counter. After making this purchase she started to the cashier's desk for the purpose of paying for the same and obtaining the change, which she had forgotten. When the plaintiff reached a spot about two or three feet from the cashier's desk she fell. Her testimony was to the effect that she put her foot on something slippery, something very thick and slippery, and went down. She did not know what the slippery substance was on which she placed her foot. There was evidence to the effect that there was a pail near this place which contained scraps of meat and other refuse and waste material. There was evidence from other butchers that it was customary to place sawdust on the floors of butcher shops for the purpose of taking up the particles of bone and meat which fell on the floor during the operation of cutting meats to prevent the floor from becoming slippery and greasy. It was not claimed by the plaintiff that she slipped by reason of the sawdust on the floor. There were many customers and some clerks in the store at the time of the accident, but no person was produced to testify as to what substance caused the fall or how long this substance or thing had been upon the floor, or that the manager or any of the employes knew of its presence there.

It is contended by the plaintiff that the doctrine of *"res ipsa loquitur"* applied in this instance, and that the evi-

dence referred to above, was sufficient to hold the defendant responsible for the accident.

We are of the opinion that the ruling of the trial judge was correct, and that the testimony produced by the plaintiff was not sufficient to establish a *prima facie* case of negligence against the defendant.

A similar question was before this court in the case of *Schnatterer* v. *Bamberger & Co.,* reported in 81 *N. J. L.* 558, &c., in which case this court decided that the question of what should suffice to constitute a reasonable period of time within which the failure of a storekeeper to make proper inspection of his floors and stairways in order to discover and remedy dangerous defects in them before he is chargeable and responsible for accidents of the present nature is one which, in cases where the facts are undisputed and different inferences cannot reasonably be drawn from the facts, is for the court and not the jury to determine.

Another case decided by this court, which follows this principle in *Rom* v. *Huber,* reported in 94 *N. J. L.* 258, affirming the same case in 93 *Id.* 360. This court held that the duty of the proprietor of a bath establishment to his patrons is satisfied when he uses reasonable care to maintain the premises in a safe condition for the proper use by the patrons, and that he does not insure the safety of his patrons against accident. In that case the plaintiff was injured by slipping upon something that looked like soap on the floor, and the court said: "It must appear that the condition which produced the fall had either been, in fact, brought to the previous notice of the defendant, or, failing in proof of said actual notice, that the condition had existed for such a space of time as would have afforded the defendant sufficient opportunity to make proper inspection as to the safety of the place." There are other cases in this state which follow this principle.

In the case under review there is no evidence to show that the object which caused the accident belonged to the defendant, or that it was placed on the floor by the defendant or any of its servants, or that the defendant or any of its

servants knew of its presence, nor was there any evidence produced to show the length of time such object was on the floor prior to the time of the accident, nor what the object which caused the accident really was.

We are therefore of the opinion that the doctrine of *"res ipsa loquitur"* is not applicable in this case, and the judgment of the court below is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.